Filed 11/14/25  P. v. Vasquez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEONEL VASQUEZ,<br><br>Defendant and Appellant. | F089389<br><br>(Super. Ct. No. PCF372625B)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from orders of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]    Before Detjen, Acting P. J., Peña, J. and Fain, J.[†]

[†]    Judge of the Fresno Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Barton Bowers and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Petitioner Leonel Vasquez pleaded nolo contendere to one count of nonpremeditated attempted felony murder in August 2019, as well as certain special allegations, and was sentenced to 10 years in prison pursuant to a plea deal. In 2024, petitioner filed a petition for resentencing pursuant to Penal Code section 1172.6,[1] which allows for retroactive relief after statutory changes to the felony-murder rule, as well as a motion to vacate his conviction or sentence pursuant to section 1473.7. The trial court denied these motions summarily in two orders filed on January 7, 2025, which stated only "DENIED" and "DENIED, NOT APPLICABLE." Petitioner argues the trial court erred by failing to hold a hearing as to whether he has stated a prima facie case for relief or even appoint counsel for him. The People concede error. We agree, and reverse.

Section 1172.6 states that a person seeking to avail themselves of the ameliorative changes to the felony-murder laws which went into effect in 2019 must submit a petition which contains the following: (1) a declaration that a charging document was filed against the petitioner allowing the prosecution to proceed under a theory of felony murder,[2] that the petitioner was either convicted of that crime or accepted a plea deal in lieu of a trial at which he could have been convicted under that theory, and that the petitioner could not presently be convicted of murder or attempted murder under California law; (2) the superior court case number and year of conviction; and

---

[1]    All statutory citations are to the Penal Code.

[2]    In full, the statute ameliorates convictions based on "felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a)(1).) Since this case involves only felony-murder allegations, we reference only felony murder.

2.

(3) whether petitioner requests counsel. (§ 1172.6, subd. (b)(1).) Upon receiving a petition with sufficient information "or a petition where any missing information can readily be ascertained by the court, if the petitioner has requested counsel, the court *shall* appoint counsel to represent the petitioner." (§ 1172.6, subd. (b)(3), italics added.)

Following appointment of counsel and a briefing period, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) Following this initial hearing, the trial court "shall issue an order to show cause," if a prima facie case for relief was made, or "shall provide a statement fully setting forth its reasons" for declining to issue an order to show cause. (*Ibid*.) If an order to show cause issues, then "the court shall hold a hearing to determine whether to vacate the … conviction and to recall the sentence and resentence the petitioner on any remaining counts." (§ 1172.6, subd. (d)(1).) All of these steps are mandatory, if the conditions are met, and the court has no discretion to refuse to follow these statutory directives.

We review de novo a trial court's analysis of whether a petitioner under section 1172.6 has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.) Since the decision to appoint counsel is not discretionary, we review that without deference as well. (*Bontilao v. Superior Court* (2019) 37 Cal.App.5th 980, 987–988.) Turning to the record in this case, we note the petition was facially valid. It included the required declaration set forth under section 1172.6, subdivision (b)(1). It included the superior court case number and year of conviction. It also requested petitioner be appointed counsel. We can think of no reason this petition would have been summarily denied without even appointment of counsel, which the court had no discretion to refuse. Indeed, even the People concede error here.

## **DISPOSITION**

Given the foregoing, we reverse the orders denying the petition under section 1172.6 and remand for appointment of counsel and further proceedings as set forth in that statute.